UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GEORGE I. JOHNSON, | ) CV 04-05995-GHK (CT) |
| Plaintiff, | ) ORDER ADOPTING THE<br>) REPORT AND RECOMMENDATION<br>) OF UNITED STATES MAGISTRATE<br>) JUDGE |
| v. | ) |
| JEAN WOODFORD, et al., | ) |
| Defendants. | ) |

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the entire file de novo, including the Magistrate Judge's Report and Recommendation. The Court agrees and adopts the recommendation of the Magistrate Judge, with the following supplement:

On May 5, 2010, plaintiff filed Objections to the magistrate judge's Report and Recommendation. Defendant filed a Response on May 18, 2010. In his Objections, plaintiff contends that he exhausted his Eighth Amendment claim. In support of this contention, plaintiff cites to a note with a January 28, 2003 date-

1

stamp that he addressed to the prison inmate appeals coordinator. In the note, plaintiff asserted that being held in a cell for twenty-three hours a day constitutes cruel and unusual punishment. (Objections, Exh. C.) Plaintiff contends that this unambiguous reference to the Eighth Amendment proves that he exhausted his administrative remedies regarding the Eighth Amendment claim he seeks to maintain in his current case.

Despite the note's reference to the Eighth Amendment, Plaintiff's Eighth Amendment claim remains unexhausted for two reasons. First, the note was not part of the formal administrative process. As explained in the Report and Recommendation, California regulations require prisoners seeking redress for grievances to lodge an administrative complaint on CDC Form 602 and "to describe the problem and action requested." Cal. Code Regs. tit. 15, § 3084.2(a). Here, the note was not part of the 602 Form, but was instead a response to a screening denial of plaintiff's freedom of religion claim. Specifically, the note responded to a January 8, 2003 screening denial, which rejected plaintiff's freedom of religion claim for lack of supporting information and which asked plaintiff to submit evidence relating only to that claim. (Objections, Exh. C.) Neither the screening denial nor the underlying claim addressed plaintiff's complaints concerning the Eighth Amendment.

Second, even if plaintiff could somehow show that his response to the screening denial was part of the formal administrative process, his Eighth Amendment claim would still be unexhausted because it was not raised at any other point in the administrative process. "[T]he [Prison Litigation Reform Act] exhaustion requirement requires proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). Accordingly, a prisoner must "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009). In California, that means that a prisoner must complete

the three formal levels of review provided for in California's Administrative Code. See Code of Regs. tit. 15, § 3084.5 (listing three separate formal levels of review necessary to exhaust administrative remedies regarding inmate grievances); Harvey v. Jordan, __ F.3d __, 2010 WL 1903994, *1 (9th Cir. May 11, 2010) (prison inmate grievance not exhausted until inmate completes California's three formal levels of review).

Here, assuming plaintiff's note properly raised his Eighth Amendment claim, plaintiff nevertheless did not complete the requisite levels of formal review to exhaust the claim. Rather, at best, plaintiff raised his Eighth Amendment claim at the "[f]irst formal level," where appeals are screened. Code of Regs. tit. 15, § 3084.5(b). He did not, however, raise the claim at either of the other two formal levels of review. (See Def.'s Separate Statement of Undisputed Facts, Exhs. X&Y.) As such, the claim is unexhausted.

IT IS THEREFORE ORDERED:

1. The Report and Recommendation is accepted.
2. Defendants' Motion for Summary Judgment is GRANTED.
3. Plaintiff's Second Amended Complaint is DISMISSED without prejudice
4. The Clerk shall serve this Order on all counsel or parties of record.

DATED: 10/10/10

GEORGE H. KING
UNITED STATES DISTRICT JUDGE